# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY WILKER, <br><br> Defendant. | No. 11-CR-109-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Timothy Wilker's Objections (docket no. 27) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 26), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 19).

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On April 30, 2009, Defendant's then-minor son, Stephen, and a friend, Chris Powers, went to the West Branch Police Station to report that Defendant had child pornography in his home and on his computer. They brought with them a sampling of items they claimed to have found in Defendant's bedroom closet, including two images police believed constituted child pornography and a VCR tape they alleged was a video recording from a hidden camera in Defendant's bathroom. Stephen and Chris both provided written statements. Police also interviewed them separately, at which time Stephen provided a second VCR tape. On May 2, 2009, Special Agent Jason Owens applied for a warrant to search Defendant's home. The search warrant application included an affidavit signed by Agent Owens. A magistrate judge signed the warrant and police proceeded to search Defendant's home.

On September 20, 2011, the government filed a four-count Indictment (docket no. 2) against Defendant. Count 1 of the Indictment charges that, between about January of 2004 and February of 2008, Defendant received and attempted to receive child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). Count 2 charges that, between about January of 2004 and May 2, 2009, Defendant possessed and attempted to possess child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Finally, Counts 3 and 4 charge that, on or about May 2, 2009, Defendant possessed and attempted to possess child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

On October 24, 2011, Defendant filed the Motion. In the Motion, Defendant argues that the court must suppress all evidence seized during the May 2, 2009 search of his home because Agent Owens intentionally or recklessly omitted information that, if it had been included, would have defeated probable cause. On October 31, 2011, the government filed a Resistance (docket no. 21). On November 1, 2011, Judge Scoles held a hearing. Assistant United States Attorney Mark Tremmel represented the government. Defendant appeared in court with his attorney, Davis L. Foster. On November 8, 2011, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion. On November 22, 2011, Defendant filed his Objections. The Report and Recommendation and Objections are fully submitted and ready for decision.[1]

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] The court reporter has informed the court that Defendant requested a transcript of the hearing. The court, however, finds it unnecessary to wait for the official transcript before rendering its decision because Defendant's arguments are legal, as opposed to factual, in nature.

objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. ANALYSIS

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court outlined the procedure whereby a defendant may challenge the veracity of statements in a search warrant affidavit. There is a "presumption of validity with respect to the affidavit supporting [a] search warrant." *Id.* at 171. However, a defendant is entitled to an evidentiary hearing to challenge the truthfulness of the factual statements in the affidavit if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155-56; *see also United States v. McIntyre*, 646 F.3d 1107, 1113-14 (8th Cir. 2011) (explaining the requirements a defendant must meet before being entitled to an evidentiary hearing). The Eighth Circuit Court of Appeals has found that "omission of material information from an affidavit can form the basis of a *Franks* violation where the additional information would have negated probable cause." *United States v. Finley*, 612 F.3d 998, 1003 n.8 (8th Cir. 2010) (emphasis omitted); *see, e.g.*,

3

*United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007); *United States v. Jacobs*, 986 F.2d 1231, 1234 (8th Cir. 1993).

In the Report and Recommendation, Judge Scoles found that Defendant was not entitled to a *Franks* hearing because, even if Agent Owens had included the omitted information in the search warrant affidavit, the warrant would still have been supported by probable cause. Judge Scoles further noted that Defendant offered no evidence that Agent Owens intentionally or recklessly omitted the information. Defendant objects to both of these findings. First, Defendant contends that information concerning Stephen's credibility and information regarding the last time Stephen had seen child pornography on Defendant's computer was "critical to a finding of probable cause." Objections at 3. Second, Defendant argues that "[t]here was, in fact, evidence of an intentional failure to disclose." *Id.* at 2. The court agrees with Judge Scoles's finding that Defendant failed to make the preliminary showing that the omitted information negated probable cause. Because the court agrees that Defendant is not entitled to a *Franks* hearing on that ground, the court finds it unnecessary to address Defendant's second objection.

### A. *Information Concerning Stephen's Credibility*

Defendant argues that the omitted information regarding Stephen's credibility "goes to whether or not the items in question would be found in [Defendant's] residence." *Id.* In his interview with the police, Stephen admitted that he wished to live with his mother instead of Defendant, that he and Defendant often argued and that, just days before Stephen reported Defendant to the police, Defendant had threatened to send Stephen to a "boys home." Interview (docket no. 19-3) at 53. Pursuant to *Franks*, the relevant inquiry is whether the magistrate judge would still have found probable cause to issue the search warrant if this information had been included in the affidavit.

Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238

4

(1983). "When [a search warrant] affidavit is based on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant to whether the affidavit provided probable cause to support the search." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). Known informants are more reliable than anonymous tipsters because "police can hold them responsible for false information." *United States v. Kent*, 531 F.3d 642, 648 (8th Cir. 2008); *see also Florida v. J.L.*, 529 U.S. 266, 270 (2000) (noting the distinction between known informants and anonymous tipsters); *United States v. Nolen*, 536 F.3d 834, 839-40 (8th Cir. 2008) (same).

In *Solomon*, the Eighth Circuit affirmed a district court's ruling that an informant's tip, combined with police corroboration, provided sufficient probable cause to search the defendant's home. 432 F.3d 824. The informant was a woman who shared a home with the defendant and, after having discovered he was a registered sex offender, searched his bedroom where she discovered child pornography. *Id.* at 826. The woman contacted the police and "provided samples of the pornography she discovered." *Id.* at 828. In holding that the search warrant was supported by probable cause, the Eighth Circuit found that

> the informant had an exceptionally strong basis of knowledge that child pornography would be found in the home in that she actually lived in the home, she personally discovered the child pornography along with a young girl's clothing in [the defendant's] bedroom, and she provided law enforcement with a detailed description of her discoveries.

*Id.* at 827. Further, police were able to corroborate, among other details, that the defendant lived at the address the informant provided, that he was a registered sex offender and that the pictures the informant provided were consistent with her descriptions. *Id.* at 828.

In this case, Stephen was a known informant and police could have held him accountable had he provided false information. Furthermore, he had "an exceptionally strong basis of knowledge." *Id.* at 827. Although the affidavit did not specifically state that Stephen lived with Defendant, the affidavit described Stephen as Defendant's minor

5

son and indicated he was familiar with Defendant's home. Just as in *Solomon*, Stephen claimed to have personally discovered Defendant's collection of child pornography in Defendant's bedroom closet. Furthermore, the samples he provided, including two images constituting child pornography and two VCR tapes, corroborated his account of what he found. Stephen's alleged motive for reporting Defendant to the police does not diminish these considerations. *See Gates*, 462 U.S. at 234 (noting that "doubt as to an informant's motives" may be outweighed by other considerations). Based on the totality of the circumstances, the court finds that, even if information concerning Stephen's tumultuous relationship with Defendant had been included in the affidavit, there would nevertheless have been probable cause to believe that child pornography was located in Defendant's home.

### B. Information Concerning Lapse of Time

Defendant next argues that Agent Owens intentionally or recklessly omitted information concerning the last time Stephen had seen child pornography on Defendant's computer and that this information would have negated probable cause had Agent Owens included it in his affidavit. During his interview, Stephen told Agent Owens that he had last seen child pornography on Defendant's computer one year prior to the interview. When Agent Owens asked whether the child pornography was still on Defendant's computer, Stephen responded, "I don't know, I haven't checked." Interview at 9. Thus, pursuant to *Franks*, the relevant inquiry is whether the magistrate judge would still have found probable cause to issue the search warrant if this information had been included in the affidavit.

"Probable cause must exist when a warrant is issued, not merely at some earlier time . . . ." *United States v. Jeanetta*, 533 F.3d 651, 655 (8th Cir. 2008). In other words, the information in the search warrant affidavit must not be stale. "[T]here is no

6

bright-line test for determining when information is stale . . . ." *Id.* (quoting *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993)) (internal quotation mark omitted).

In this case, the affidavit established that Stephen found child pornography in Defendant's bedroom closet and that he "located two hidden wireless cameras in the master bathroom." Application for Search Warrant (docket no. 19-2) at 4. The affidavit also stated that Stephen had provided samples of what he found, including "numerous photographs," two of which police identified as child pornography, and two VCR tapes that police "believed" were videos from the hidden cameras. *Id.* Based on this information, the court has no doubt that there was probable cause to search Defendant's bedroom closet and bathroom.

The question Defendant's argument poses, however, is whether there was probable cause to search Defendant's computer. The court finds that probable cause did exist. Although, as Defendant notes, Agent Owens did not include in the affidavit any statement that, based on his experience, viewers of child pornography retain their collections for long periods of time, a magistrate judge "may draw reasonable inferences from the totality of the circumstances." *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (quoting *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007)). In this case, the magistrate judge was informed that Stephen had discovered photographs constituting child pornography in Defendant's bedroom closet, that these photographs appeared to have been printed from a computer and that Defendant had a computer in his bedroom. Thus, even if Agent Owens had included the fact that Stephen last saw child pornography on Defendant's computer one year prior to the application, the magistrate judge would have known that Defendant had an ongoing interest in child pornography, he had used his computer in the past to store child pornography and he still had a computer. Based on this information, there was probable cause to believe that Defendant's computer contained child pornography. *Cf. United States v. Colbert*, 605 F.3d 573, 576-79 (8th Cir. 2010) (holding

that there was probable cause to search a defendant's home, including his computer, for child pornography based on his attempt to lure a five-year-old girl to his apartment to watch videos); *United States v. McArthur*, 573 F.3d 608, 613-14 (8th Cir. 2009) (holding that a defendant's possession of a laminated photograph constituting child pornography provided probable cause to believe that the defendant kept child pornography in his home or computer).

## V. CONCLUSION

In light of the foregoing, the court finds that Defendant failed to make the preliminary showing entitling him to a *Franks* hearing. Even if Agent Owens had included the omitted information in the search warrant affidavit, the search warrant was still supported by probable cause. Accordingly, the court **ORDERS** that:

(1) The Objections (docket no. 27) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 26) is **ADOPTED**; and

(3) The Motion (docket no. 19) is **DENIED**.

**DATED** this 14th day of December, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA