IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY WILKER,<br><br>    Defendant. | No. CR11-0109<br><br>REPORT AND<br>RECOMMENDATION |

TABLE OF CONTENTS

I.    INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  PROCEDURAL HISTORY AND RELEVANT FACTS . . . . . . . . . . . . . . . . . 2

III. DISCUSSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.   Are Defendant's Retirement Accounts Subject to Garnishment? . . . . 4
        1.   Do any of the exemptions to garnishment enumerated in §
            3613(a) apply to Defendant's retirement accounts? . . . . . . . . 5
        2.   Is garnishment of Defendant's retirement accounts barred by
            ERISA? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    B.   Can the Government Compel P&G to Make an Immediate
        Lump Sum Payment from the Retirement Accounts? . . . . . . . . . . . 8

IV. SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V.  RECOMMENDATION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# I. INTRODUCTION

This matter came on for hearing before the Court on September 11, 2012, on the Writ of Continuing Garnishment (docket number 69) filed by the Plaintiff on July 3, 2012, the Answer (docket number 71) filed by the Garnishee on July 20, 2012, the Request for Hearing (docket number 72) filed by the Defendant on August 6, 2012, and the Response (docket number 76) filed by the Plaintiff on August 16, 2012.

# II. PROCEDURAL HISTORY AND RELEVANT FACTS

On April 27, 2012, Defendant Timothy Wilker was sentenced to 97 months of imprisonment for possession of child pornography. Defendant was also ordered to pay a $10,000 fine and a $100 special assessment, with a lump sum payment due immediately. Defendant paid the $100 assessment at the time of sentencing, but has not paid the outstanding fine.

Plaintiff United States filed an Application for Writ of Continuing Garnishment (docket number 68) against the Defendant and Garnishee Proctor and Gamble Master Savings Plan Committee ("P&G") on July 3, 2012, seeking to garnish the Defendant's retirement accounts. A Writ of Continuing Garnishment (docket number 69) was issued by the Clerk of Court on the same date. On July 20, 2012, P&G filed an Answer (docket number 71) confirming that the Defendant has retirement plan accounts administered by P&G, and asserting that the funds cannot be obtained by the United States. According to P&G:

> Our records indicate that Mr. Wilker has retirement plan accounts in the Procter & Gamble Profit Sharing Trust & Employee Stock Ownership Plan (PST Plan), The Procter & Gamble Savings Plan (Savings Plan) and The Procter & Gamble Master Retirement Plan and these are the only retirement plan accounts that P&G administers for him.
>
> However, these plans are qualified plans under the Employee Retirement Income Security Act (ERISA) and assets in the Plans for participants cannot be assigned or alienated under

2

> IRC Sec. 401(a)(13)(c). Therefore, no funds can be paid from
> either of these Plans as they are currently not in pay status.

Letter from P&G to Clerk of Court, dated July 18, 2012 (docket number 71).

Defendant signed a "Request for Hearing" on July 12, 2012 — after the writ of continuing garnishment was issued but before P&G responded. On a claim for exemption form, Defendant claimed exemptions from levy for "wearing apparel and school books," "fuel, provisions, furniture, and personal effects," and "books and tools of a trade, business, or profession." Defendant apparently sent the request for hearing and claim for exemption form to the United States Attorney, who filed the documents on Defendant's behalf on August 6, 2012 (docket number 72).

On August 16, 2012, the United States filed a Response (docket number 76) noting that the retirement accounts sought by the Government do not fit any of the exemptions claimed by Defendant. The United States also asserted that the retirement plans are not exempt from garnishment by the Government under ERISA, and requested a hearing on the matter. On September 11, 2012, the Court held a hearing at which Defendant appeared telephonically. At the hearing, the Government argued that there were two issues to be resolved: first, can the Government garnish the retirement accounts; and second, if garnishment is permitted, can the Government force payment immediately if the funds are not in pay status, or must it wait until Defendant would have otherwise been able to collect on the accounts. Regarding the first issue, the Government asserted that while ERISA retirement plans generally cannot be assigned or alienated, 18 U.S.C. § 3613(a) creates a statutory exception. Regarding the second issue, the Government asserted the issue was not ripe because the Government seeks a continuing writ and has not asked P&G to currently distribute the funds.

The Court ordered the Government to file a brief addressing the issues of whether the retirement plans administered by P&G are subject to garnishment by the Government, and whether the Government can force immediate payment. *See* Order Setting Briefing

3

Schedule (docket number 79). On October 2, 2012, the Government filed a Brief in Support of Writ of Continuing Garnishment (docket number 82) pursuant to the Court's Order. In the brief, the Government again asserts that the retirement plans at issue are not exempt from garnishment under § 3613(a) or ERISA, and may be garnished to satisfy Defendant's fine. Regarding whether the Government can force P&G to pay out from the plans if the accounts are not in pay status, the Government stated that Defendant is now eligible to receive a lump sum payout from the retirement accounts. In an email attached to the Government's Brief as Exhibit 1, the P&G Human Resources representative who filed the Answer now indicates that because Defendant is no longer employed with P&G, "he is eligible to request distribution" from his retirement accounts. Accordingly, the Government requests that the Court find the retirement plans are not exempt from garnishment, and that the United States may garnish the lump sum Defendant would otherwise be entitled to in order to satisfy the unpaid fine.

### III. DISCUSSION

#### A. Are Defendant's Retirement Accounts Subject to Garnishment?

The procedure for enforcing a judgment imposing a fine is set forth in 18 U.S.C. § 3613(a). *United States v. Garcia*, 2003 WL 22594362 (D. Kan. 2003). The statute provides:

> (a) Enforcement. The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a criminal fine may be enforced against all property or rights to the property of the person fined, except that —
>> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a) authorizes the Government to enforce a fine in accordance with its procedures for enforcing civil judgments. The Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, is one of the procedures available to the government to enforce a fine. *United States v. Rice*, 196 F. Supp. 2d 1196, 1197 n.1 (N.D. Okla. 2002). Under the FDCPA, one of the authorized enforcement procedures is a writ of garnishment. *United States v. Ashcraft*, 2012 WL 2088934 at *5 (N.D. Iowa 2012). A court can "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205. The party seeking to quash a garnishment order has the burden of demonstrating that an exemption to garnishment applies . *Ashcraft*, 2012 WL 2088934 at *5.

1. *Do any of the exemptions to garnishment enumerated in § 3613(a) apply to Defendant's retirement accounts?*

Under 18 U.S.C. § 3613, the government can enforce a judgment imposing a fine against all property of the person fined,"[n]otwithstanding any other federal law." However, § 3613(a) establishes certain exceptions to the government's authority to garnish property to enforce a fine. Section 3613(a)(1) provides that the government may not garnish certain categories of property that are exempt from levy for taxes. *Rice*, 196 F. Supp. 2d at 1199. Specifically, § 3613(a)(1) states that the exemptions enumerated in § 6334(a)(1)-(8), (10), and (12) of the Internal Revenue Code of 1986 are also exempt from garnishment to enforce a judgment imposing a fine. The exemptions identified include wearing apparel and school books; fuel, provisions, furniture, and personal effects;

5

books and tools of a trade, business, or profession; undelivered mail; certain railroad and military annuity and pension payments; worker's compensation; judgments for support of minor children; service-connected disability payments, and assistance under the Job Training Partnership Act. *See* 26 U.S.C. § 6334(a)(1)-(8),(10),(12). In *Rice*, while considering whether the government could garnish the defendant's interest in an employee pension plan, the Court noted that "none of the IRS Code exemptions incorporated by § 3613(a)(1) provide an exemption for benefits in a qualified employee pension plan." *Rice*, 196 F. Supp. 2d. at 1200.

The *Rice* Court further noted that while an exemption for pension benefits normally exists in enforcement actions by the government, such an exemption is not available in criminal cases due to subsection (a)(2) of § 3613. *Rice*, 196 F. Supp. 2d at 1199. § 3613(a)(2) explicitly states that the exemptions contained in § 3014 of the FDCPA, which includes exemptions for pension plans, do not apply to federal criminal judgments. *Ashcraft*, 2012 WL 2088934 at *5. Also, as the Court explained in *Rice*, the § 3613(a)(3) exemption of a certain amount of disposable earnings under the Consumer Credit Protection Act does not apply to the garnishment of a retirement plan. *Rice*, 196 F. Supp. 2d at 1199 n.2.

Here, the Defendant's retirement accounts do not fit within any of the garnishment exemptions enumerated in § 3613(a). The § 3613(a)(1) exceptions for certain categories of property from levy for taxes do not include an exemption for retirement funds like the P&G retirement accounts at issue here. Because § 3613(a)(2) explicitly disclaims the FDCPA § 3014 exemptions regarding enforcement of a criminal judgment, the pension fund exceptions that might normally apply in an enforcement action are not applicable here. Finally, the § 3613(a)(3) exemptions for disposable earnings do not apply here because the United States is not seeking wages from Defendant. Accordingly, none of the exceptions to the Government's authority to garnish a property to enforce a fine enumerated in § 3613(a) apply to the Defendant's P&G retirement accounts.

## 2. Is garnishment of Defendant's retirement accounts barred by ERISA?

Regarding P&G's assertion that Defendant's retirement plans are exempt from garnishment under ERISA's anti-alienation provision, courts have held that ERISA-qualified plans can be garnished by the government under § 3613(a). The United States cites *United States v. Cunningham*, 866 F. Supp. 2d 1050 (S.D. Iowa 2012). In *Cunningham*, the Court rejected the defendant's argument that ERISA's anti-alienation provision prohibited the government from garnishing her pension plan. *Id.* The Court reasoned that the phrase "notwithstanding any other Federal law" in § 3613(a) indicates that the statute "override[s] ERISA's anti-alienation provision and allow[s] the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders." *Id.* at 1056 (quoting *United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007)). Similarly, in *United States v. James*, 312 F. Supp. 2d 802 (E.D. Va. 2004), the Court held that ERISA did not bar the government from garnishing the defendant's retirement account in order to enforce a criminal restitution order. The Court explained that § 3613(a) operates as a "congressionally-created exception" to the anti-alienation provision of ERISA. *Id.* at 805. The Court concluded that "[b]ecause defendant's interest in an ERISA qualified plan does not fit within any of the exceptions listed in § 3613(a), it follows that ERISA is no bar to garnishment of a qualified pension plan to collect a criminal restitution order." *Id. See also U.S. v. Irving*, 452 F.3d 110 (2d Cir. 2006) (stating that enforcement of a criminal fine against retirement accounts does not violate ERISA's anti-alienation provision).

Here, in accord with the courts that have considered the issue, the Court finds that ERISA does not bar garnishment of Defendant's retirement accounts to satisfy his criminal fine. With § 3613(a), Congress provided a statutory exception to ERISA's anti-alienation clause; meaning the Government can reach ERISA-qualified retirement plans, including the P&G retirement accounts at issue, in order to enforce criminal fines. Accordingly, because Defendant's retirement accounts do not fit within any of the exceptions to

garnishment enumerated in § 3613(a) and ERISA does not bar garnishment, the Court concludes that the P&G retirement plan accounts are subject to garnishment by the Government to satisfy Defendant's criminal fine.

### B. Can the Government Compel P&G to Make an Immediate Lump Sum Payment from the Retirement Accounts?

While P&G asserted in its answer that funds could not be paid out from Defendant's retirement accounts because they were not in pay status, P&G now states that Defendant is eligible to request distribution because he is no longer employed by P&G. *See* United States' Brief (docket number 82), Exhibit 1. In *United States v. Beulke*, 892 F. Supp. 2d 1176, 1182 (D.S.D. 2012), the Court noted that while the government could reach a defendant's retirement plan to enforce a fine, that power "is not without limit." The *Buelke* Court explained that, similar to tax levy proceedings, the government steps into the shoes of the defendant and acquires whatever rights the defendant has regarding the retirement plan. *Id.* The Government can garnish the corpus of a retirement plan to satisfy a fine "if, but only if, the terms of the plan allow the defendant to demand a lump sum payment at the present time." *Novak*, 476 F.3d at 1063.

Here, P&G has indicated that Defendant is now eligible to request distribution from his retirement accounts. Under the Proctor and Gamble Profit Sharing Trust and Employees Stock Ownership Plan and the Proctor and Gamble Savings Plan, selected pages of which are attached to the United States' brief as Exhibits 2 and 3, one of the distribution options available to Defendant as a separated employee is a lump sum distribution. The retirement plans allow Defendant to demand a lump sum distribution of the entire balance of the account. *See* United States' Brief (docket number 82), Exhibit 2 at 4, Exhibit 3 at 4. Because the terms of the P&G retirement plans permit Defendant to receive a lump sum distribution at the present time, and because the United States steps into the shoes of the Defendant, the Court finds that the United States can garnish the lump

sum payment to which the Defendant would otherwise be entitled in order to satisfy the criminal fine.

## IV. SUMMARY

In conclusion, the United States can garnish Defendant's P&G retirement accounts. None of the exemptions to garnishment enumerated in § 3613(a) apply to Defendant's retirement plans, and ERISA does not bar the Government from reaching retirement funds in order to enforce criminal fines. Thus, Defendant's retirement accounts are not exempt from garnishment. Furthermore, because Defendant is now eligible to receive a lump sum distribution from the accounts, the United States can immediately garnish the account funds. Therefore, I believe the United States can garnish the lump sum to which Defendant would otherwise now be entitled in order to satisfy the Defendant's fine.

## V. RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** Defendant's objections to garnishment be **DENIED**, and the Writ of Continuing Garnishment be **GRANTED**. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on September 11, 2012.*

DATED this 26th day of July, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA